```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JOHN WATFORD,**

                              **Petitioner,**

               v.                                     CASE NO. 05-3244-RDR

**N.L. GALLEGOS, WARDEN,**

                              **Respondent.**

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2241 by a prisoner in federal custody. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

Petitioner was convicted in the United States District Court for the Northern District of Indiana, and the conviction was upheld on appeal. U.S. v. Watford, 165 F.3d 34 (7th Cir. 1998). Petitioner also unsuccessfully sought postconviction review by a motion filed pursuant to 28 U.S.C. 2255.

In this action, petitioner claims the district court lacked jurisdiction to impose an enhanced criminal sentence due to the prosecutor's failure to file an appropriate notice prior to trial or sentencing (Doc. 1, p. 6).

The distinct uses of federal postconviction actions filed

pursuant to sections 2241 and 2255 are well established.  "A petition under 28 U.S.C. 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  An action filed pursuant to 28 U.S.C. 2255, however, "attacks the legality of detention...and must be filed in the district that imposed the sentence." Id. (citation omitted).  Ordinarily, a petition filed pursuant to section 2255 is "[t]he exclusive remedy for testing the validity of a judgment and sentence." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965).  However, if the remedy under section 2255 in inadequate to test the legality of a prisoner's confinement, a prisoner may proceed in an action under section 2241. See 28 U.S.C. 2255 ("[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief...pursuant to this section, shall not be entertained...unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").  A prisoner cannot establish the inadequacy of section 2255 merely by demonstrating a prior failure to obtain relief under that remedy. Bradshaw, 86 F.3d at 166.

Here, the petitioner's claim is a challenge to the validity of his sentence rather than its execution.  Such a claim generally must be brought pursuant to section 2255 in the

district of conviction.  Because the record does not present any basis for this court to conclude that the remedy under section 2255 is ineffective or inadequate, the court concludes this matter must be dismissed.

IT IS THEREFORE ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED the petition for habeas corpus is dismissed and all relief is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 17th day of June, 2005, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

3